IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED IN OPEN COURT

MAY - 6 2021

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIOGO SANTOS COELHO,<br>    a/k/a "Omnipotent"<br>    a/k/a "Downloading"<br>    a/k/a "Shiza"<br>    a/k/a "Kevin Maradona"<br><br>Defendant. | **FILED UNDER SEAL**<br><br>Case No. 1:21-cr-114<br><br>Count 1:  Conspiracy to Commit Access Device Fraud<br>(18 U.S.C. § 1029(b)(2))<br><br>Count 2:  Access Device Fraud — Using or Trafficking in an Unauthorized Access Device<br>(18 U.S.C. § 1029(a)(2) and 2)<br><br>Count 3:  Access Device Fraud — Possession of Fifteen or More Unauthorized Access Devices<br>(18 U.S.C. § 1029(a)(3) and 2)<br><br>Counts 4-5:  Access Device Fraud — Unauthorized Solicitation<br>(18 U.S.C. § 1029(a)(6) and 2)<br><br>Count 6:  Aggravated Identity Theft<br>(18 U.S.C. § 1028A)<br><br>Forfeiture Notice |

### GOVERNMENT'S MOTION TO SEAL INDICTMENT
### PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment and arrest warrant until the defendant is arrested.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

  1.     The Federal Bureau of Investigation ("FBI") is investigating the RaidForums.com

1

website for its role in soliciting and selling stolen access devices and means of identification. Diego Santos Coelho is the owner and operator of the website. He is a Portuguese national and lives in Portugal. Because Portugal does not extradite its own citizens, the United States will have to wait for Mr. Coelho to travel before it can hope to arrest him.

2. Premature disclosure of the charges against this defendant would jeopardize an ongoing criminal investigation, threaten our ability to locate and arrest the defendant, and may also lead to the destruction of evidence. Disclosure of the indictment would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment would need to remain sealed until the defendant is arrested. Because related foreign criminal investigations are ongoing and foreign arrest and extradition may be required, the United States asks that the Court authorize disclosure of sealed materials to law enforcement, foreign law enforcement, or foreign governments for purposes of furthering a criminal investigation or securing the defendant's arrest or extradition or otherwise securing the defendant's appearance in the Eastern District of Virginia for prosecution. The United States will file a motion to unseal at the time it learns that the defendant is in custody on these charges in another country or, if the investigation is not concluded, when the defendant has made his appearance in the United States. At that time, the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment and arrest warrant, and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Raj Parekh
Acing United States Attorney

By: *Carina Cuellar*
Carina A. Cuellar
Assistant United States Attorney