IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIOGO SANTOS COELHO,<br>    a/k/a "Omnipotent"<br>    a/k/a "Downloading"<br>    a/k/a "Shiza"<br>    a/k/a "Kevin Maradona"<br><br>Defendant. | **FILED UNDER SEAL**<br><br>Case No. 1:21-cr-114<br><br>Count 1: Conspiracy to Commit Access Device Fraud<br>(18 U.S.C. § 1029(b)(2), § 3559(g)(l))<br><br>Count 2: Access Device Fraud — Using or Trafficking in an Unauthorized Access Device<br>(18 U.S.C. § 1029(a)(2) and 2)<br><br>Count 3: Access Device Fraud — Possession of Fifteen or More Unauthorized Access Devices<br>(18 U.S.C. § 1029(a)(3) and 2)<br><br>Counts 4-5: Access Device Fraud — Unauthorized Solicitation<br>(18 U.S.C. § 1029(a)(6) and 2)<br><br>Count 6: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1) and 2)<br><br>Forfeiture Notice |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the Second Superseding Indictment and arrest warrant until the defendant is ordered to be extradited or, if the investigation is not concluded, when the defendant has made his appearance in the United States.

1

I.     **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.     The Federal Bureau of Investigation ("FBI") and United States Secret Service ("USSS") are investigating the RaidForums.com website for its role in soliciting and selling stolen access devices and means of identification. Diogo Santos Coelho is the owner and main Administrator of the website. He is a Portuguese national and lives in Portugal.

2.     On May 6, 2021, a federal grand jury in the Eastern District of Virginia returned a six-count Indictment charging Diogo Santos Coelho with conspiracy to commit access device fraud, access device fraud, and aggravated identity theft. After this indictment was returned, an arrest warrant was issued for Coelho. The United States then sought and obtained a Diffusion Notice from INTERPOL. On or about January 31, 2022, Coelho was arrested in the United Kingdom on the Diffusion Notice. The United States is currently preparing an extradition package, which it will present to United Kingdom authorities by late March 2022.

3.     Since Coelho's arrest, his Administrators and co-conspirators have maintained the RaidForums website. The FBI and USSS are diligently investigating the identities of the Administrators. Premature disclosure of the charges against Coelho would jeopardize this ongoing criminal investigation, threaten our ability to locate and arrest the other Administrators, and may also lead to the destruction of evidence. Disclosure of the Second Superseding Indictment would provide the defendant's co-conspirators a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

II.    **REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

4.     The Court has the inherent power to seal indictments. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C.

Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992)

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

5. The Second Superseding Indictment would need to remain sealed until the defendant is ordered to be extradited or, if the investigation is not concluded, when the defendant has made his appearance in the United States. Because related foreign criminal investigations are ongoing and foreign extradition is required, the United States asks that the Court authorize disclosure of sealed materials to law enforcement, foreign law enforcement, or foreign governments for purposes of furthering a criminal investigation or securing the defendant's arrest or extradition or otherwise securing the defendant's appearance in the Eastern District of Virginia for prosecution. The United States will file a motion to unseal at the time it learns that the defendant will be extradited or, if the investigation is not concluded, when the defendant has made his appearance in the United States. At that time, the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that

circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the Second Superseding Indictment and arrest warrant, and this Motion to Seal and proposed Order be sealed until the defendant is ordered to be extradited or, if the investigation is not concluded, when the defendant has made his appearance in the United States.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: *Carina Cuellar*
Carina A. Cuellar
Assistant United States Attorney